UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYANT EARLS and MYSHARA CROSSLIN, *individually, and on behalf of the Estate of Richard Lawrence Earls*, | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:24-CV-2195-B |
| GULFSTREAM AEROSPACE SERVICES CORPORATION, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Gulfstream Aerospace Services Corporation ("Gulfstream")'s Motion to Dismiss Under Rule 12(b)(6) (Doc. 4). For the following reasons, the Court **DENIES** the Motion.

### I.

### BACKGROUND

Richard Earls was a machinist at Gulfstream from 2013 to 2020. Doc. 1-3, Pet., 2. He worked at a mill that cut and assembled fiberglass parts, and he used chemicals. *Id.* Throughout his employment, he had negative physical reactions to his work environment 30 to 40 times. *Id.* at 2–3. Earls wore a facemask for some of his duties, but he was not always required to wear one. *Id.*

In the months before February 2020, Gulfstream changed its ventilation system where Earls worked. *Id.* Around the same time, Earls began experiencing shortness of breath and difficulty breathing. *Id.* In February 2020, Gulfstream sent Earls to its employee health clinic, where Earls learned his oxygen level was dangerously low. *Id.* He was transferred to a hospital, where doctors

discovered crystals in his lungs. *Id.* On March 3, 2020, Earls learned that he had multiple lung conditions that had no cure. *Id.* at 3–5. He died from these conditions on June 25, 2022. *Id.* at 4.

Plaintiffs Bryant Earls and Myshara Crosslin, individually and on behalf of Richard Lawrence Earls's Estate ("Plaintiffs") sued Gulfstream in state court on June 24, 2024. *Id.* at 1. Plaintiffs assert wrongful death and survivorship claims. *Id.* at 4–5. Gulfstream removed this case to federal court. *See* Doc. 1, Notice Removal. Gulfstream moves to dismiss Plaintiffs' claims, arguing that they are time-barred. The Court considers Gulfstream's Motion below.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted).

"A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling." *Taylor v. Bailey Tool Mfg.*, 744 F.3d 944, 946 (5th Cir. 2014). A motion to dismiss based on a statute of limitations should only be granted if there is information that "conclusively establish[es]" a plaintiff's claim is time-barred. *See Petrobras Am., Inc. v. Samsung Heavy Indus. Co.*, 9 F.4th 247, 255–56 (5th Cir. 2021). The party pleading a statute of limitations affirmative defense bears the burden of proof. *See id.* at 254; *F.T.C. v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 322 (5th Cir. 2004).

## III.

## ANALYSIS

Gulfstream's Motion to Dismiss is **DENIED** because Gulfstream failed to conclusively establish Plaintiffs' action is time-barred.

State law determines the statute of limitations in diversity cases. *See Tex. Soil Recycling, Inc. v. Intercargo Ins.*, 273 F.3d 644, 649 (5th Cir. 2001). Wrongful death and survivorship actions under Chapter 71 of the Texas Civil Practice and Remedies Code derive from a decedent's right to sue for the injuries that caused his death. *Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343, 347 (Tex. 1992). Therefore, Plaintiffs can only pursue wrongful death or survivorship actions if Earls could have sued for his injuries immediately before his death. *Id.*

Earls's cause of action is for a latent occupational disease. This claim has a two-year statute of limitations because it is a personal injury claim. *See* TEX. CIV. PRAC. & REM. CODE § 16.003(a). Accordingly, Plaintiffs' survivorship and wrongful death suits based on Earls's injuries must be brought within two years after Earls's cause of action accrued. *Russell*, 841 S.W.2d at 348.

An action for a latent occupational disease case accrues when "a plaintiff's symptoms manifest themselves to a degree or for a duration that would put a reasonable person on notice that he or she suffers from some injury and he or she knows, or in the exercise of reasonable diligence should have known, that the injury is likely work-related." *Childs v. Haussecker*, 974 S.W.2d 31, 40 (Tex. 1998). Once a plaintiff should have known of his injury and that it is likely work-related, he has two years to sue. *See Childs*, 974 S.W.2d at 44; TEX. CIV. PRAC. & REM. CODE § 16.003(a). If a plaintiff does not sue within two years of the action's accrual, then his cause of action expires. If the cause of action expires, his successors cannot bring a wrongful death or survivorship action after his

death. *Russell*, 841 S.W.2d at 348.

Here, the pleadings do not conclusively establish that Plaintiffs' action accrued more than two years before they filed suit. Plaintiffs sued on June 24, 2024, which is almost two years after Earls died on June 25, 2022. Doc. 1-3, Pet., 1, 4. On March 3, 2020, Earls learned that he had multiple lung conditions for which there was no cure. Doc. 1-3, Pet., 3. Plaintiffs allege that Earls's conditions were caused by the environment at Gulfstream. *Id.* at 4. Therefore, Plaintiffs' cause of action accrued when Earls knew, or by exercise of reasonable diligence should have known, that Earls's injuries were likely work-related. *See Childs*, 974 S.W.2d at 40. Gulfstream does not assert when Earls knew or should have known his injuries were likely work related, and it is not evident from the Petition. Therefore, Gulfstream did not conclusively establish that Plaintiffs' claims are time-barred. *See Petrobras Am., Inc.*, 9 F.4th at 255–56.

Gulfstream argues that the statute of limitations had run by March 3, 2022, at the latest, which was two years after Earls learned of his condition. Doc. 4, Mot., 4. Because Gulfstream argues that Earls's cause of action expired before he died, it contends that Plaintiffs cannot assert a wrongful death or survival action. *Id.* But this is only true if Earls knew or should have known that his injuries were work-related when he learned of his condition. *See Childs*, 974 S.W.2d at 40. Gulfstream asserts that Earls was sent to a workers' health clinic, learned that his oxygen level was dangerously low, and then learned of his conditions on March 3, 2020. Doc. 4, Mot., 3–4. But nowhere does Gulfstream allege when Earls knew or should have known that his injuries were work-related. Gulfstream notes that Plaintiffs allege Earls developed negative health reactions to his work environment from 2013 to 2020. *Id.* at 1. But this does not mean Earls should have known his later injuries that led to his death were caused by his work environment. And just because Earls discovered he was ill through a

work-sponsored health clinic does not mean that he knew or should have known that his illness was work-related. Gulfstream had the burden to show that Plaintiffs' claims are conclusively time-barred. Because it failed to do so, Gulfstream's Motion to Dismiss is denied.

## IV.

## CONCLUSION

For the foregoing reasons, Gulfstream's Motion to Dismiss (Doc. 4) is **DENIED**.

**SO ORDERED.**

**SIGNED: April 28, 2025.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE